**Opinion filed March 21, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00274-CR

_____

**JEFFERY DALE SPURLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 22561**

## M E M O R A N D U M   O P I N I O N

Jeffery Dale Spurlen pleaded guilty in July 2011 to felony driving while intoxicated.  In accordance with a plea agreement, the trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. However, the trial court suspended the imposition of the sentence and placed Appellant on community supervision for a term of ten years.

The State subsequently filed a motion to revoke community supervision, alleging multiple violations of the terms and conditions of Appellant's community supervision.  The trial

court considered the motion at a hearing conducted on August 15, 2012. Appellant entered a plea of "true" to all the alleged violations at the outset of the hearing. After considering evidence pertaining to punishment, the trial court revoked Appellant's community supervision and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

---

[1]By letter, this court granted Appellant at least thirty days in which to exercise his right to file a response to counsel's brief.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

March 21, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.